# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA, THROUGH ITS DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT<br><br>VERSUS<br><br>M/T DANK SILVER, its engines, tackle, equipment, furniture, appurtenances, etc., *in rem,* and OMAN SHIP MANAGEMENT COMPANY S.A.O.C., DANK SILVER MARITIME TRANSPORTATION CO., LTD. and THE UNITED KINGDOM MUTUAL STEAM SHIP ASSURANCE ASSOCIATION (EUROPE) LTD., *in personam* | CIVIL ACTION<br><br>NO.<br><br><br>SECTION:<br><br>MAGISTRATE: |

## VERIFIED COMPLAINT

The Verified Complaint of the State of Louisiana, through its Department of Transportation and Development ("DOTD"), against the M/T DANK SILVER, its engines, tackle, equipment, furniture, appurtenances, etc., *in rem*, and Oman Ship Management Company S.A.O.C., Dank Silver Maritime Transportation Co., Ltd. and The United Kingdom Mutual Steam Ship Assurance Association (EUROPE) Ltd., *in personam* (hereinafter sometimes referred to collectively as "Defendants"), in a cause of action for damage caused to a bridge fendering system by a vessel on navigable waters, respectfully represents as follows:

1.

This is an admiralty or maritime claim within the meaning of Fed.R.Civ.P. 9(h) and is within this Honorable Court's admiralty or maritime jurisdiction under 28 U.S.C. § 1333 and Article III § 2 of the United States Constitution.  Jurisdiction is also based on the Admiralty Extension Act, 46 U.S.C. § 30101.

2.

Venue in this Honorable Court is proper pursuant to 28 U.S.C. § 1391 in that substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Moreover, the M/T DANK SILVER, upon information and belief, is or will be within this District during the pendency of this action.

3.

At all material times herein, Plaintiff, DOTD, was an agency of the State of Louisiana, and the owner of a certain fendering system protecting Pier No. 4 of the Sunshine Bridge, (NBI Structure No. 614704260200721), crossing the Mississippi River in or near Donaldsonville, Louisiana, at or near Mile Marker 167.4.  The bridge, including the fendering system, was duly constructed, maintained and permitted pursuant to all applicable statutes and regulations.

4.

At all material times herein, Defendant, M/T DANK SILVER, was an ocean-going, chemical/ oil products, Marshall Islands-flagged tanker, bearing IMO No. 9718806, MMSI No. 538006504 and Callsign VTNT6, with length overall of 183 meters and 29,354 gross tons.

5.

At all material times herein, Defendant, Oman Ship Management Company S.A.O.C., a foreign corporation, was the manager, operator and/or charterer of the M/T DANK SILVER.

6.

At all material times herein, Defendant, Dank Silver Maritime Transportation Co., Ltd., a foreign corporation, was the registered owner of the M/T DANK SILVER.

7.

At all material times herein, The United Kingdom Mutual Steam Ship Assurance Association (EUROPE) Ltd. (alternatively also referred to as "UK Club"), a mutual association comprised of ship owners and charterers which provides indemnity and other benefits for certain maritime liabilities, was the protection and indemnity insurer of Defendants and the M/T DANK SILVER.

8.

On or about June 16, 2019, the M/T DANK SILVER departed Convent/Burnside, Louisiana, and was downriver bound on the Mississippi River.

9.

While the M/T DANK SILVER was maneuvering in the Mississippi River near Mile Marker 167.4 at the Sunshine Bridge, the M/T DANK SILVER allided with the fendering system protecting Pier No. 4 of the Sunshine Bridge, causing extensive damage to the fendering system.

10.

The aforementioned allision was not caused, or contributed to, by any fault or neglect on the part of the DOTD, but rather was caused, or contributed to, solely by the fault or neglect of the Defendants in the following non-exclusive particulars, to-wit:

a. Failure of Defendants to use due care and extreme caution in navigating the M/T DANK SILVER downstream;

b. Failure of Defendants, under the prevailing circumstances and conditions, to account for the effects of forces such as wind and current and to make proper and judicious use of the available controllable forces to safely maneuver the M/T DANK SILVER well past and clear of the Sunshine Bridge;

c. Failure of Defendants to take the necessary precautions required by the ordinary practice of seamen, or by the special circumstances of the case, to safely maneuver the M/T DANK SILVER well past and clear of the Sunshine Bridge;

d. Failure of those in charge of the M/T DANK SILVER to exercise due care in the performance of their duties;

e. Failure of Defendants to use all available means appropriate to the prevailing circumstances and conditions to determine if there was a risk of collision with the fendering system protecting Pier No. 4 of the Sunshine Bridge, and to avoid that risk once presented;

f. Failure of Defendants to take proper action, with due regard to the observance of good seamanship, to avoid colliding with the Sunshine Bridge's Pier No. 4 protective fendering system;

g. Failure of Defendants to maintain a proper lookout;

h. Failure of Defendants to operate the M/T DANK SILVER at a safe speed for the prevailing circumstances and conditions;

i. Failure of those in charge of the M/T DANK SILVER to comply with the orders and/or to negate or override when the orders placed the M/T DANK SILVER in a position of apparent and avoidable danger; and,

j. Failure of the crew to properly carry out their maneuvering orders.

11.

The foregoing acts of fault or neglect were all done, occasioned, and incurred within the privity and knowledge of Defendants.

12.

Because the M/T DANK SILVER was underway at the time of the allision and struck a stationary object, a presumption of fault or negligence on the part of Defendants arises under the OREGON Rule.

13.

A presumption of fault arises under the PENNSYLVANIA Rule against Defendants, to the extent they were in violation of statutes, rules, etc., intended to prevent allisions, said presumption

providing that the statutory violations were causes-in-fact of the allision of the M/T DANK SILVER with the fendering system protecting Pier No. 4 of the Sunshine Bridge.

14.

Plaintiff, DOTD, hereby invokes the doctrine of *res ipsa loquitur* against all Defendants.

15.

By reason of the aforesaid allision, the DOTD has suffered damages of approximately three million dollars (USD $3,000,000.00), as nearly as same can presently be estimated, together with pre-judgment interest and costs.

16.

By reason of the matters herein set forth, DOTD is entitled to a preferred maritime lien under 46 U.S.C. § 31301, *et al*., against the M/T DANK SILVER, its engines, tackle, equipment, furniture, appurtenances, etc., for an amount representing its damages as a result of the allision, plus pre- and post-judgment interest and costs.

17.

Defendant, UK Club, as the protection and indemnity insurer of the M/T DANK SILVER, is directly liable to DOTD under the Louisiana Direction Action Statute, La. R.S. § 22:1269, for the aforementioned damage arising out of the allision of the M/T DANK SILVER with the fendering system protecting Pier No. 4 of the Sunshine Bridge.

18.

The aforementioned damage caused to the bridge and fendering system arose out of the gross negligence or willful neglect of the M/T DANK SILVER, given complete disregard of

conditions existing and published explicit warnings, and the well-established practices and procedures for navigation of vessels under those conditions.

19.

All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, Plaintiff, DOTD, prays that:

1) A warrant for the arrest of, and process in due form of law against, the M/T DANK SILVER, its engines, tackle, equipment, furniture, appurtenances, etc., be issued and that all persons claiming a right of possession or any ownership interest in the M/T DANK SILVER be cited to appear and file a Verified Statement of Right and Interest and an Answer to the Verified Complaint, and that after due proceedings are had, that there be judgment entered herein, in favor of the DOTD and against the M/T DANK SILVER, its engines, tackle, equipment, furniture, appurtenances, etc., for the amount found due the DOTD, with pre- and post-judgment interest and costs, and that the M/T DANK SILVER be condemned and sold to satisfy said judgment;

2) Process in due form of law be issued against Defendants, Oman Ship Management Company S.A.O.C., Dank Silver Maritime Transportation Co., Ltd. and The United Kingdom Mutual Steam Ship Assurance Association (EUROPE) Ltd., citing them to appear and Answer the Verified Complaint;

3) After due proceedings are had, that there be a judgment entered herein, in favor of the DOTD and against Defendants, Oman Ship Management Company S.A.O.C., Dank

Silver Maritime Transportation Co., Inc. and The United Kingdom Mutual Steam Ship Assurance Association (EUROPE) Ltd., for the amount found due the DOTD, with pre- and post-judgment interest and costs; and,

4) The DOTD may have such other and further and equitable relief as this Court and justice may deem just and reasonable in the premises.

>Respectfully submitted:
>
>**HURLEY & COT, APLC**
>
>    /S/ *José R. Cot*
>JOSÉ R. COT – T.A. (LSBA #18852)
>j.cot@hurleycot.com
>ROBERT K. DENNY (LSBA #33092)
>r.denny@hurleycot.com
>One Canal Place, Suite 2750
>365 Canal Street
>New Orleans, Louisiana  70130
>Phone:  (504) 524-5353
>Fax:      (504) 534-5403
>**ATTORNEYS FOR STATE OF LOUISIANA, THROUGH ITS DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT**

## VERIFYING AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

**BEFORE ME**, the undersigned, personally came and appeared:

### JOSÉ R. COT

Who, after being duly sworn, did depose and say:

1. That he is a partner with the law firm of Hurley & Cot, APLC, attorneys for Plaintiff, State of Louisiana, Department of Transportation and Development, in the above captioned and numbered proceeding;

2. That he prepared the above and foregoing Verified Complaint; that all of the allegations of fact therein contained are true and correct to the best of his knowledge, information and belief; and,

3. That the sources of deponent's knowledge and the basis for his belief are information, documents, and communications obtained or received from Plaintiff.

_____
JOSÉ R. COT

Sworn to and subscribed before me, this 22 May 2020 ~~day of June, 2020~~.

_____
Notary Public

9